### ADAMS v. WALICEK.

### In re WALICEK.

(Circuit Court of Appeals, Fifth Circuit. November 20, 1925. Rehearing Denied December 14, 1925.)

### No. 4552.

1. **Homestead** ⇐⇒29—**Husband may select homestead contrary to wife's wishes, subject to limitation stated.**

Under Const. Tex. art. 16, § 50, and Rev. St. Tex. 1911, arts. 3794, 3795, in absence of fraud on wife, husband has right to select homestead contrary to wishes of wife; only limitation being that he cannot exclude dwelling in which he lives and appurtenances thereto, property indispensable to home, a part of which is actually used for homestead purposes.

2. **Homestead** ⇐⇒29—**Farm on which wife and her children by former marriage lived held not indispensable part of husband's homestead.**

Where husband with established homestead, to relieve discord between families by first and second marriages, established home on a nearby farm for his second wife and her children by her first husband, and himself continued to live on former homestead with child of his first marriage, *held*, farm on which his wife lived was not indispensable to his home, or so much a part of it that he could not, under Const. Tex. art. 16, § 50, and Rev. St. Tex. 1911, arts. 3794, 3795, exclude it in making a homestead selection.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

In the matter of the bankruptcy of F. J. Walicek. On petition of W. F. Adams, Jr., trustee, to superintend and revise action of lower court in sustaining bankrupt's claim to designated homestead. Petition denied.

For opinion below, see 4 F.(2d) 265.

H. W. Wallace, of Cuero, Tex., for petitioner.

Geo. J. Schleicher and A. C. Hartman, both of Cuero, Tex. (Crain & Hartman, of Cuero, Tex., on the brief); for respondent.

Before WALKER and BRYAN, Circuit Judges.

WALKER, Circuit Judge. This is a petition to superintend and revise the action of the lower court in sustaining a bankrupt's claim of a designated 200 acres of

land out of a larger tract as a rural homestead under the Constitution and laws of Texas. The tract so claimed as exempt included the dwelling and the appurtenances thereto actually and continuously used for homestead purposes by the bankrupt and some of his family since prior to the death of his first wife in 1908; the bankrupt's absences therefrom having been temporary and without any intention to abandon that place as a homestead, he and his minor son by his first marriage having lived in that dwelling up to the date of the bankruptcy adjudication. The claim asserted is challenged on the ground that the bankrupt did not have the right to omit from his homestead a 90-acre tract which was occupied by his second wife, who, with her children by a former husband, for several years after her marriage to the bankrupt, lived with him in the above-mentioned dwelling. The pertinent facts with reference to that 90-acre tract are shown by the following statements contained in the opinion rendered by the District Judge:

"In August, 1917, bankrupt, F. J. Walicek, purchased a 90-acre farm about 3 miles distant from the 200 acres claimed as exempt, and Mrs. Walicek, with three of her children, moved upon the 90-acre farm; the bankrupt helping her to make the move. It was the intention, at the time Mrs. Walicek moved upon the 90-acre farm, for her to make her home there with her children. There was never any separation between F. J. Walicek and his wife; they were on friendly terms, and lived together as man and wife. She made her principal home on the 90-acre farm, and he visited her there, advised with her about the cultivation of the farm, furnished her teams when she needed them, and did some work in the field. These relations existed between the bankrupt and his wife at the date of the filing of the petition in bankruptcy; Mrs Walicek at that time making her home on the 90-acre farm, and Mr. Walicek staying most of the time on the 200-acre farm. Mrs. Walicek would come over to the 200-acre farm and cook bread enough for several days' supply, and at other times Mr. Walicek would go to the 90-acre farm, where his wife made her home, and would eat his meals there. There were no children born to Mr. Walicek by his second wife. * * * In November, 1917, the bankrupt deeded the 90-acre farm to his wife, and the deed from the bankrupt

to his wife was filed for record January 16, 1918, and recorded January 18, 1918, in volume 80, on pages 467, 468, of the Deed Records of De Witt county, Tex. Mrs. Walicek was living on the 90-acre farm at the time the farm was deeded to her, having moved there in August, 1917, and continues to make the 90-acre farm her home to this day."

[1] In the absence of fraud upon the wife, the husband has the right to select the homestead, and his selection may be contrary to the wishes of his wife; the only limitation upon his right in this regard being that he cannot exclude the dwelling in which he lives and appurtenances thereto, property indispensable to the home, a part of what is actually used for homestead purposes. Constitution of Texas, art. 16, § 50; Revised Civil Statute of Texas 1911, arts. 3794, 3795; Hanes v. Hanes (Tex. Com. App.) 239 S. W. 190; Watkins Land Co. v. Temple (Tex. Civ. App.) 135 S. W. 1063; Hughes v. Hughes (Tex. Civ. App.) 170 S. W. 847.

[2] The just stated proposition is not controverted, and it is not claimed that the characteristics of homestead which long prior to the bankruptcy had attached to the larger tract, which included the 200 acres claimed, had been lost by abandonment by a discontinuance of the use of the premises for home purposes, coupled with an intent on the bankrupt's part not to use them again as a home. In re Johnson (C. C. A.) 294 F. 258. The contention in behalf of the petitioner is to the effect that the use made of the above-mentioned 90-acre tract made it property indispensable to the home, or a part thereof, or appurtenant thereto, within the meaning of the above-cited decisions. We do not think that that contention is sustainable. The law does not protect two homesteads for the same family, one for the husband and one for the wife. Holliman v. Smith, 39 Tex. 357; Slavin v. Wheeler, 61 Tex. 654. If the one selected by the husband includes the dwelling in which he and some of his family live, and all property appurtenant thereto and actually used for homestead purposes, it need not include also other property used by the wife as a place of residence, but which the husband never consented to include in the homestead selected by him, or to be substituted therefor in whole or in part.

The petition is denied.