## MAYFIELD CO. v. PEPPER et ux.
### No. 4570.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 12, 1934.

Rehearing Denied Nov. 22, 1934.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

Bramlette & Meredith and Sidney Latham, all of Longview, for appellees.

SELLERS, Justice.

J. W. Pepper and his wife brought this suit in the district court of Rusk county against Mayfield Company to enjoin the enforcement of a judgment foreclosing an attachment lien upon certain land belonging to J. W. Pepper located in Rusk county on the ground that such land was exempt to them as a homestead. A trial was had to a jury, and, from a verdict and judgment in accordance therewith perpetually enjoining the sale of the land in satisfaction of the judgment, Mayfield Company has appealed to this court.

The single question to be determined on this appeal is the sufficiency of the evidence to sustain the jury finding that the property was the homestead of Pepper and wife. There is evidence of the following facts: J. W. Pepper before his marriage lived in the Chalk Hill community in Rusk county on the 165 acres of land in controversy. This land is in several tracts, but they are all contiguous. He was farming the land and having it farmed by tenants in 1903 when he married Mrs. Holloway, who was the widow of R. L. Holloway, deceased. Mrs. Holloway at the time of their marriage had several children, some of whom were minors, and was living with said children on a 100-acre tract of land which was located in Gregg county, some 10 miles distant from the Chalk Hill community in Rusk county. This 100 acres was the community homestead of Mrs. Holloway and her deceased husband. After her marriage in

1903, Mr. Pepper resided with his wife on her 100 acres in Gregg county, because she refused to go with him to his property. He never farmed the 100 acres nor exercised any character of control over any part of it. Mrs. Pepper rented the 100 acres to her son-in-law, and used the rents to keep up her place. From the date of her marriage until the levy of the attachment by the appellant on the land of Mr. Pepper in 1930, he claimed the Chalk Hill property as their home, and intended to move there at such time as he could induce his wife to move there with him. During all this time he managed and rented his property. During most of the time the property was rented on what is customarily known as "a third-and-fourth." He used the rents for the support of himself and his wife. They never had any children. In 1916 he farmed a portion of the land himself, stayed on the farm some of the time during that year, and his wife visited him at different times, and occasionally would spend a night or two with him on the farm. In 1925 he opened a little store on the place, and continued to run it until 1931, spending some of the time at night on his property, but most of the time going back to the Gregg county place of his wife to spend the night. After he went out of business, he cleared up some more of the land involved for cultivation. There is no evidence that he had any other business or did any work for any one else, except that he worked for a while at the railroad shops in Marshall, Tex., but just how long he worked there or when does not appear from the evidence.

■ We think such evidence is sufficient to support the jury's finding that the property was the homestead of appellee. Baldeschweiler v. Ship, 21 Tex. Civ. App. 80, 50 S. W. 644. It may be that the actual residence upon the 100 acres of land owned by Mrs. Pepper in Gregg county by appellees is sufficient to show that such property was homestead, but this would not prevent another showing that the land of Mr. Pepper in Rusk county was also used in connection therewith as their home, which the evidence in this case clearly shows. In such circumstances they would be using over 200 acres as their homestead, with the legal right of Mr. Pepper to select any part of the whole as their homestead, so long as the 200 acres so selected included their residence. Tyner v. La Coste (Tex. Com. App.) 13 S.W. (2d) 685; Crow v. First National Bank of Whitney (Tex. Civ. App.) 64 S.W.(2d) 377.

While it is not necessary to determine the point on this appeal, we doubt seriously under the peculiar facts of this case if the residence of Mrs. Pepper on her property is an indispensable part of their homestead, since Mr. Pepper claims his property as their homestead, residing on it a part of the time, and would have resided there all the time could he have persuaded her to reside there with him. Adams v. Walicek (C. C. A.) 9 F.(2d) 26; Schulz v. L. E. Whitham & Co., 119 Tex. 211, 27 S.W.(2d) 1093.

The judgment of the trial court is affirmed.