### DAVIS et al. v. CLARK.
### No. 9996.

Court of Civil Appeals of Texas. Galveston.
Dec. 22, 1934.

Rehearing Denied Jan. 10, 1935.

Sewell, Taylor, Morris & Garwood, of Houston, for appellants.

Stewart & De Lange and A. J. De Lange, all of Houston, for appellee.

PLEASANTS, Chief Justice.

This suit was brought by appellee against appellants to recover damages for personal injuries alleged to have been caused by an unlawful assault upon him by appellant G. F. Mordah, an employee of A. A. Davis & Co., a firm composed of A. A. Davis, E. D. Davis, and E. E. Davis, acting for said appellant company within the scope of his authority, and under instructions from the appellant company and E. E. Davis, who was the agent for and especially authorized by said company to give such instructions to appellant Mordah.

Plaintiff's petition contains the following allegations:

"That G. F. Mordah was at all of the times mentioned herein, and at all of the times material to this cause of action, employed and acting as foreman of tractor crew of said A. A. Davis & Company and was cooperating with said other defendants, and each of them, and all of said defendants were engaged in joint enterprise and partnership business.

"That on the 24th day of February, 1928, Mordah kicked, beat, struck, etc., the plaintiff causing the injuries set forth.

"That said unlawful acts of the defendant G. F. Mordah were done pursuant to instructions from the other defendants. * * * That said attack was made by the said G. F. Mordah pursuant to said instructions and in the furtherance of the work in which he was engaged, that said attack was unlawful and wrongful and was so known to be by the defendants, and each of them, but that said defendants, and each of them, conspired and cooperated to make such unlawful attack. * * *

"That the act of G. F. Mordah and his unlawful and wrongful attack upon this plaintiff was ratified by the defendants, and each of them.

"That the said E. E. Davis is, and was at all of the times material herein, general superintendent of the partnership * * * and in general charge of all of its work * * * and authorized to act for the other defendants as well as himself, with reference to all matters relating to said work.

"That Mordah was a man of ungovernable temper.

"That the act of defendants, and each of them, and the act of the said G. F. Mordah authorized and ratified by the other defendants, were the proximate and direct causes of the injuries and loss to the plaintiff in the following particulars and matters (setting out the injuries)."

Damages were claimed in the sum of $25,-000.

The defendants answered by pleading: (1) General denial; (2) that Mordah struck in self-defense, setting out the facts and circumstances attendant upon the fight and difficulty; (3) that in striking plaintiff Mordah was not acting as the agent of A. A. Davis & Co. or E. D. Davis or A. A. Davis, or under their direction or authority, nor was he acting within the scope of his employment.

Replying to the defendants' pleadings, plaintiff, by supplemental petition filed on the day the case went to trial, pleaded general demurrer, general denial, special denial, and then as follows: "Plaintiff further denies that Mordah in attacking plaintiff was acting out of the scope of his employment or in self-defense, but specially alleges that said Mordah was acting within the scope of his employment, and within the apparent scope of his employment, and as the agent, employee and vice-principal of defendants, and each of them, in accordance with their orders, expressed and implied."

The case was tried before a jury, and upon the answers of the jury to special issues the court entered judgment against the defendants A. A. Davis, E. D. Davis, and G. F. Mordah in the sum of $2,500, together with interest thereon from November 18, 1932, at the rate of 6 per cent. per annum, and for costs.

It was further adjudged and decreed that the defendant take nothing against E. E. Davis, and that this defendant have and recover from plaintiff all costs incurred by him.

The evidence shows that A. A. Davis & Co. were contractors and were engaged in building a part of the Houston-Galveston public highway in Harris county. The portion of the highway covered by the firm's contract was from a point near South Houston to the town of Webster. Mordah was an employee of the firm in charge of the excavation and grading of the road preparatory to the placing of the concrete roadway thereon. He had five or six men under him. He had authority to do what was necessary in carrying on this excavation and grading, and was in charge of the operation of elevating graders that were pulled by caterpillar tractors, and also the tractors and men working with lifting graders and tractors. His work was confined to the road grading and he had nothing to do with traffic on the road. The undisputed evidence shows that E. E. Davis was not a partner of the firm.

The first four propositions presented in appellants' brief assail the judgment on the ground that the evidence fails to sustain plaintiff's allegations that the assault made on him by Mordah was committed under express instructions from the other defendants; and that the pleadings are insufficient to authorize a recovery against the firm of A. A. Davis & Co. on the ground that the assault was made by Mordah in furtherance of the work he was employed to perform for the firm, and was within the scope of his employment.

■ We do not think these propositions should be sustained. We have already set out the allegations of the petition. There were

no exceptions presented to the petition, and giving these allegations every reasonable intendment, it is clear to us that they do charge that the assault was made by Mordah in furtherance of the work of his employment. Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100; Hill v. Preston, 119 Tex. 522, 34 S.W.(2d) 780.

The defendants show by their answer that they understood the petition to charge that the assault was made by Mordah in furtherance of the work of his employment. This answer contains the following averments:

"Specially answering, the defendants say that if the plaintiff, Carl Clark, was, on the occasion in question, attacked by the defendant G. F. Mordah, * * .* said Mordah shortly prior to the injuries received by the plaintiff, was peacefully attempting to persuade the plaintiff to remove his large truck from a highway which the defendants were constructing and which had been closed to the public. That plaintiff had left his truck at a point where same interrupted the construction work being done on said highway by the defendants, and when defendant Mordah undertook to persuade the plaintiff to move same, the plaintiff refused to do so * * *.

"Further specially answering, defendants allege that if the said Mordah did strike or attack the plaintiff as alleged, which is not admitted but denied, that he was not acting as the agent of the defendants, A. A. Davis, E. D. Davis, E. E. Davis, or A. A. Davis & Company, nor under their direction or authority, nor was he acting within the scope of his employment with the said defendants, but he was acting in self defense as above alleged."

■ If the pleading of plaintiff had not been sufficient to present this ground of recovery against the firm, we are inclined to the view that these pleadings of defendants sufficiently presented the issue upon which the verdict and judgment were rendered. It is a well-settled general rule that deficiencies in a plaintiff's pleadings may be cured by the pleadings of the defendant, and when the pleadings as a whole present the issue upon which recovery is sought a general demurrer should not be sustained to plaintiff's petition. Pope v. Ry. Co., 109 Tex. 311, 207 S. W. 514.

Under the fifth proposition presented in appellants' brief, the submission to the jury of special issue No. 1 is complained of on the ground that such issue is not raised by the evidence.

Special issue No. 1 asks the jury to determine from the preponderance of the evidence and answer whether the defendant Mordah was acting in the scope of his employment in making the assault upon plaintiff by which he claimed he was injured.

In addition to the facts before stated, the evidence shows that Mordah was, as foreman, in charge and directing the operation of the several grading machines then being used in the construction of the public highway by the appellant company. Mr. A. A. Davis testified: "We had three lifting blade tractors that cast the dirt from it into the center of the road going around something like half a mile long, and on account of following one another and moving a good deal of dirt it is necessary to have a man like Mordah to go along all the time, as near as he could, with those machines to take care of any interference, any breakdown, or anything that might happen to anyone of them in order to keep things moving along regularly and steady, and that occupied his entire time during his working hours, and he was there for that purpose, and there under my instructions to do that part of the work the best he could and nothing else."

Mordah had been employed by the firm for a number of years and knew what duties were required of him. The undisputed evidence shows that a truck belonging to plaintiff was left standing by him in the roadway, and obstructed the operation of the grading machine, and that when Mordah found the truck was obstructing the grading operations he called the plaintiff, who was living in a house in front of which the truck was standing, and requested him to move the truck. The plaintiff refused this request because he said he had no other place to put it, as the grading of the road had made it impossible to get the truck into his yard. Mordah then told plaintiff that he would have the truck moved and called the operatives of one of the caterpillars to come and push the truck out of the way. This was the first time Mordah and plaintiff had spoken to each other. Both Mordah and plaintiff became angry and began abusing each other. Before the men who came with the caterpillar reached the truck, Mordah struck plaintiff with an iron wrench, knocking him down, and then kicked and beat him, causing the injuries of which plaintiff complains. Mordah testified that plaintiff began the assault upon him and that he only acted in self-defense. Plaintiff testified that he was standing by the truck and had made no

attack upon Mordah when the latter ran at and knocked him down with the wrench and kicked and beat him. This issue of self-defense was submitted to the jury and was found against the defendant Mordah.

These facts show that the controversy in which the assault occurred arose from the efforts of Mordah, in facilitating the work of his employment, to remove the truck which was obstructing his work.

■ It is a well-settled rule of decision in this state that the act of a servant done in furtherance of his master's business and for the accomplishment of the object for which the servant is employed is within the scope of the general authority of the servant and the master is liable for any injury to another caused by the wrongful manner or mode in which the servant performs the duty of his employment. Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880; International, etc., Ry. Co. v. Cooper, 88 Tex. 607, 32 S. W. 517; Chicago, R. I. & G. Ry. Co. v. Carter (Tex. Com. App.) 261 S. W. 135, 136.

In the case last cited, plaintiffs (appellees) sued the appellant Railway Company for damages growing out of the wrongful killing by a flagman of the appellant of the husband of one of the plaintiffs and the father of the others. The killing occurred at a railway street crossing in the city of Dallas. The facts of the case as found by the appellate court show that the controversy in which the killing occurred arose in efforts by the flagman to prevent Carter from crossing the tracks while the Railway Company was switching cars on its track or tracks. The facts in that case, as in this, raised the issue of self-defense on the part of the flagman, and the jury found against such plea. In approving the judgment the court says: "There being evidence from which the jury might find that the flagman was continuing in his duties at the time he killed the teamster, and, having so found, and having also found that the shooting was an unbroken continuation of the controversy, we cannot disturb these findings."

The court cites the case of New Ellerslie Fishing Club v. Stewart, 123 Ky. 8, 93 S. W. 598, 29 Ky. Law Rep. 414, 9 L. R. A. (N. S.) 475, in part as follows: "It is difficult to define with accuracy the point at which the master's liability for the acts of his servant ends, but, under the facts of this case, Proctor, when he attempted to prevent appellee from fishing, and when the altercation between them commenced, was clearly acting within the scope of his employment, and the assault and battery complained of was merely a continuation of the first act. There was no appreciable length of time between them. Everything that was done happened on the premises under the control of the fishing club, and where Proctor had authority as its agent. Where the agent begins a quarrel while acting within the scope of his agency, and immediately follows it up by a violent assault, the master will be liable, as the law under the circumstances will not undertake to say when in the course of the assault he ceased to act as agent and acted upon his own responsibility."

■ The cases cited are, we think, conclusive against appellants' contention in this case that the trial court erred in submitting to the jury the issue of whether in the assault made by Mordah upon plaintiff Mordah was acting within the scope of his employment. There are a number of other cases which support this conclusion, but we deem further citation of authorities unnecessary.

■ We cannot agree with appellants that the definition given by the court's charge of the term "within the scope of the employment", can be regarded as a general charge, or as a charge upon the weight of the evidence, and the several propositions in appellants' brief assailing the charge on these grounds cannot be sustained. On the contrary, it seems to us that the charge correctly defines the term, as explained in the adjudicated cases, and it was not error for the court, in order to avoid ambiguity and make the definition clear, to inform the jury what the term included and what was excluded therefrom. Texas Mexican Ry. Co. v. Canales (Tex. Civ. App.) 299 S. W. 668; Fort Worth, etc., Ry. Co. v. Lovett (Tex. Civ. App.) 263 S. W. 643.

■ The allegations of plaintiff's petition, which are amply sustained by the evidence, show such serious continuing and permanent physical injuries to plaintiff as the result of the assault upon him by Mordah, and such past mental suffering therefrom, as entitled him to recover for future mental pain and anguish, and the trial court did not err in submitting future mental pain and anguish as one of the elements of plaintiff's damages.

The character of the injuries from which plaintiff alleged he suffered as a result of the wrongful assault made on him by the defendant Mordah were such that the law infers that both physical and mental pain and suffering would be caused thereby, such physi-

cal and mental pain being the necessary result of the injuries alleged in any normal person, and there is nothing in this record to justify any presumption that plaintiff will not continue to suffer such pain from his injuries, which are alleged to be permanent.

There were no exceptions to these allegations, and all of them are amply sustained by the evidence. As said by our Supreme Court in the case of Texas & P. Ry. Co. v. Curry, 64 Tex. 85: "No proof is required to be made of those things which every person is presumed to know, and, as it is not required that proof be made of a fact necessarily resulting from facts proved, then it is not necessary to allege the resulting fact, for it is understood to be averred by the averment of the facts from which it necessarily results."

See, also, the Dallas Railway & Terminal Co. v. Davis (Tex. Civ. App.) 26 S.W.(2d) 340, and cases there cited.

We also think that both the pleadings and evidence are sufficient to sustain a finding in favor of the plaintiff for lost earnings up to the date of the trial, and appellants' assignments and propositions attacking the verdict and judgment on the grounds that this element of damages was neither pleaded nor proven cannot be sustained.

This disposes of all of the propositions presented in appellants' brief and requires an affirmance of the judgment, which has been so ordered.

Affirmed.