### JONES–O'SHAUGHNESSY LUMBER CO. et al. v. DEAN.
### No. 2846.

Court of Civil Appeals of Texas. Beaumont.

Nov. 27, 1935.

E. B. Lewis, of Center, for appellants.
Sanders & McLeroy, of Center, for appellee.

O'QUINN, Justice.

Dean filed suit in the county court of Shelby county against Jones-O'Shaughnessy Lumber Company, a corporation, and Leonard Brown, to recover, jointly and severally, on an account in the amount of $336.97 less a credit of $93.

Both defendants answered by general demurrer, and each pleaded misjoinder of causes of action, and misjoinder of parties, a general denial, and each of the defendants specially answered that if there was any amount due and owing to plaintiff on his alleged account, it was an obligation of defendant Leonard Brown individually,

568

and denied that said defendants had been or were jointly interested in the incurring of the account, and were not in any wise acting in a joint enterprise. These answers were verified.

The case was tried to the court without a jury, and judgment rendered in favor of plaintiff, L. B. Dean, appellee, and against both defendants, appellants, jointly and severally, for the sum of $243.97, with 6 per cent. interest thereon from February 15, 1935, the date of the judgment, and for costs of suit. Both defendants excepted to this judgment, gave notice of appeal, duly executed their (separate) supersedeas bonds, and the case is before us for review.

■ Each of the appellants assigns error in the overruling of their general demurrer against appellee's petition. We have carefully searched the transcript, and there is nothing therein showing that such ruling was made by the court. In the absence of some showing in the record that an exception was brought to the attention of the court and ruling thereon made, it is presumed that such exception was waived, unless it presents a question of fundamental error. 3 Tex.Jur. § 153, p. 232. Appellee's petition, the allegations in which, as against a general demurrer, are presumed to be true, was sufficient to support the judgment, and hence not subject to general demurrer.

■ Each of the appellants assigns error to the court's refusing to sustain their "special exceptions." As shown by the assignments, there were several special exceptions in the respective answers of each of the defendants. The several special exceptions of each defendant challenged different matters. That being true, the assignments are multifarious and may not be considered. 3 Tex.Jur. § 597, pp. 855, 856.

■ Appellants' fifth and sixth assignments assert error in the court's permitting appellee to testify to certain things relative to his account or claim against them. There is no separate formal bill of exceptions in the record to the admission of the evidence, nor do we think that there is sufficient bill of exceptions in the statement of facts, as required by article 2239, R.S. as amended by Acts 1931, 42d Leg., 1st Called Sess., p. 75, c. 34, § 3 (Vernon's Ann.Civ.St. art. 2239), with a reference to the page or pages of the statement of facts by appellants in their brief to direct the court's attention thereto. Further, the objection to the evidence urged by appellants in their brief goes to the manner of making proof of the correctness of the account which we think not well taken, in that plaintiff, appellee, sued on an account not itemized, but stating the amount of the account, less a certain credit, and there was no exception to the account because of its not being itemized, nor any demand for its being itemized, but defendants, appellants, answered by sworn denial of the whole account denying "each and every material allegation" in the petition. Under this answer it was contended that proof of the correctness of the account should have been made as in case of suit upon an itemized and verified account. The proof was by exhibition of bills or invoices for the several charges, which were not set out in the petition, but produced on the trial. No error is shown, and no prejudice to appellants appears. The assignments are overruled.

■ The seventh assignment is that the judgment is against the great weight and preponderance of the evidence. The question of whether appellee was entitled to judgment against appellants was one of fact, and there is ample evidence in the record to support the court's finding and judgment.

■ The eighth and last assignment is that the judgment is erroneous because there was no legally admitted testimony showing that either of the defendants was indebted to appellee. This assignment is too general. It points out no specific error. Under it the contention is again urged that as appellants denied under oath the correctness of the account, though appellee had not sued on an itemized verified account, that because of their answer he must prove his claim as required in suits upon itemized verified accounts where the defendant answers denying under oath the correctness of the account as a whole. We have discussed this above, and say that the record reflects sufficient proof of the correctness of the account by evidence properly admitted. Appellants cite several authorities, but as we view them, they have no bearing upon the question; they being decisions where the plaintiff sued upon an itemized verified account and the defendant answered under oath denying the correctness of the account. The present action was not such. The plaintiff did not offer to prove the correctness of his ac-

count by offering it in evidence, but made proof by exhibiting bills for the separate charges made out in consonance with the prior dealings of the parties. There was no error in this. The assignment is overruled.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.