MAYFIELD COMPANY v. J. W. PEPPER ET UX.

No. 6856. Decided April 14, 1937.
(103 S. W., 2d Series, 737.)

*Lasseter, Simpson & Spruiell,* of Tyler, for plaintiff in error.

The cause having been submitted upon special issues, the trial judge should not have followed the special issues with a general charge. Besteiro v. Besteiro, 18 S. W. (2d) 829; Texas & Pac. Ry. Co. v. Perkins, (Com. App.) 48 S. W. (2d) 249; St. Louis-S. W. Ry. Co. v. Hudson, 17 S. W. (2d) 793.

*Bramlette & Meredith,* and *Sidney Latham,* all of Longview, for defendants in error.

If the evidence was not sufficient as a matter of law to show that the property involved was the homestead of the Peppers, it was sufficient to make an issue of fact as to whether the property constituted a homestead, which was properly submitted to the jury. Gardner v. Douglass, 64 Texas 76; Schulz v. Whitham & Co., 27 S. W. (2d) 1093; Brown v. Logan, 7 S. W. (2d) 189.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court plaintiff in error Mayfield Company was perpetually enjoined from the enforcement of a judgment foreclosing an attachment lien upon certain land belonging to defendant in error J. W. Pepper on the ground that such land was exempt to Pepper and wife as a homestead. Mrs. Pepper joined her husband as a party plaintiff. The Court of Civil Appeals affirmed the judgment of the trial court. 76 S. W. (2d) 216.

Three assignments of error are contained in the application of Mayfield Company for writ of error. The first one briefed is denominated the third, the second one briefed is denominated the fourth, and the other one, which is not briefed, is denominated the first. The third assignment presents the question that certain instructions in the court's charge, hereinafter set out, constituted a general charge improper to be given in a case submitted upon special issues. The fourth assignment complains that the same instructions were upon the weight of the evidence, inasmuch as the language therein employed assumed

that the property involved had at one time been the homestead of the Peppers. We have determined that the third assignment presents reversible error and need not, therefore, consider the fourth, since the instructions will not be repeated upon another trial. The other assignment, not being briefed, need not be set out or discussed.

The opinion of the Court of Civil Appeals makes no mention of the questions presented by any of the assignments brought forward here, but discusses only the sufficiency of the evidence to support the jury finding.

The court's main charge submitted but one issue, as follows:

"Issue No. 1. Do you find from a preponderance of the evidence that the property involved in this case was the homestead of the plaintiff on the 24th day of November, 1930, the date of the levy made upon it by the Sheriff of Rusk County, Texas?"

That issue was answered in the affirmative. Following the issue were these instructions:

"In answering this question you are instructed that if at the time mentioned the plaintiff used said property for the purposes of a homestead for himself and family then the same would be a homestead as that term is used in this charge.

"If the renting of said property by the plaintiff to the tenant or tenants shown in the testimony was temporary in its character, if it was rented, that is, if it was the intention of the plaintiff at all times to rent the same for a while but thereafter to occupy and use the same for the purposes of a home, then said temporary renting, if any, would not destroy the character of the property as a homestead.

"On the other hand, if at any time after said property was rented to a tenant or tenants by the plaintiff, if it was rented, he had the intention never again to occupy or use the same for the purposes of a home, and if such intention never again to use the property for the purposes of a home existed on the part of the plaintiff prior to the 24th day of November, 1930, then said property would not be a homestead as that term is used in this charge.

"The intention, if any, of the plaintiff as to the character of the renting of said property and as to the further use or occupancy thereof, if any, would be sufficient with respect to such matter, without the concurrence of the intention, if any, of his wife and you are not to consider whether or not plaintiff's wife did or did not have the same or similar intentions concerning such matters."

**1**  To the giving of these instructions, the plaintiff in error timely filed, among others, the objection that they constitute a general charge and therefore improper to be given in a case submitted upon special issues. The methods of submitting cases by a general charge and upon special issues are so widely divergent that a case must be submitted by one or the other method, and not in part by each. It is accordingly held to be error for a court to give a general charge on the law of the case where same is submitted upon special issues. There are so many decisions upon the question that we shall not collate them, but merely refer to 41 Tex. Jur., p. 1181, footnote 19, for a long list of decisions by this Court and the various Courts of Civil Appeals.

**2**  By Article 2189, R. S. 1925, it is provided that, "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." We shall not particularly analyze the above instructions to demonstrate what portions thereof might properly be classed as a definition of "homestead," for, taken as a whole, they clearly go further than an explanation or definition of that term.

The cases above referred to have discussed the question so thoroughly that we are not disposed to enter anew into a discussion thereof.

The judgments of the trial court and Court of Civil Appeals are both reversed and the cause is remanded.

Opinion adopted by the Supreme Court April 14, 1937.