A. A. DAVIS ET AL. V. CARL E. CLARK.

No. 6881.   Decided May 19, 1937.
(105 S. W., 2d Series, 190.)

*Sewell, Taylor, Morris & Garwood,* of Houston, for plaintiffs in error.

*Stewart & DeLange, Albert J. DeLange, Robert P. Beman, Jr.,* and *Emory T. Carl,* all of Houston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendant in error Clark was awarded damages for personal injuries against A. A. Davis and E. D. Davis, composing the partnership of A. A. Davis & Company, and G. F. Mordah, an employee of the partnership. E. E. Davis was named as a defendant, but was dismissed from the case on his own motion after all the evidence was introduced. The damages were the result of an alleged unlawful assault made upon Clark by Mordah. The trial court's judgment was affirmed by the Court of Civil Appeals. 78 S. W. (2d) 1008. Writ of error was granted upon assignments complaining of the court's charge and an assignment presenting the contention that there was no evidence tending to show that Mordah was acting in the scope of his employment at the time he struck plaintiff. An examination of the record has led us to the conclusion that the assignment last above mentioned is without merit; but, since the case is to be retried on account of the errors hereinafter mentioned, the evidence will not be discussed in detail.

Special Issue No. 1 was as follows:

"Do you find from the preponderance of the evidence that defendant, G. F. Mordah, in striking plaintiff, Carl E. Clark, on or about the 24th day of February, 1928, was acting within the scope of the employment (as that term is herein defined) of said G. F. Mordah by A. A. Davis & Company?"

The jury answered this issue, "Yes." Following the issue were the following instructions:

"By the terms 'within the scope of the employment' as used herein is meant authority given by the employer to effectuate the purpose of the employment. It is not essential that the specific acts be specially authorized by the employer, and the acts may be in violation or in excess of the instructions, if any, of the employer to a particular employee, but the acts to be 'within the scope of the employment' must be done for or intended to accomplish the general purposes of the employment and in furtherance thereof, and an act, though unlawful, may be within the scope of the employment if intended to accomplish such general purpose. An act is not within the scope of the employment if done by the employee to accomplish his own private purposes or his personal resentment or his own self defense, or to accomplish any act not intended to further the employer's business."

To the submission of that issue and the instructions following same, plaintiffs in error timely objected in writing as follows:

"The defendants further except and object to the submission of Special Issue No. 1 in the court's main charge because, as submitted, when taken in connection with the definition of the term 'within the scope of the employment' same is submitted in the nature of a general charge."

1 An examination of the instruction in the light of the record discloses that the method of submitting this controlling issue was to ask the jury a question of fact, then instruct it as to the law which should govern it in passing upon evidence bearing upon various controverted issues to determine how it should answer the question submitted. These instructions go further than to define "within the scope of the employment." They constitute a discussion of the law of the case of such nature as to fall within the condemnation of the many authorities holding that it is error to give a general charge to the jury in a case submitted on special issues. Humble Oil & Refining Co. v. McLean, (Com. App.) 280 S. W. 557; Winters Mutual Aid Association, etc., v. Reddin, (Com. App.) 49 S. W. (2d) 1095; Missouri, Kansas & Texas R. Co. of Texas v. Salsman, 58 S. W. (2d) 1026; Mayfield Co. v. Pepper, 129 Texas 307, 103 S. W. (2d) 737.

Another objection to the instructions was that same were upon the weight of the evidence and a comment upon same

wherein this language was employed: "And the act though unlawful, may be within the scope of the employment."

2 There was a sharp conflict in the testimony as to whether Clark or Mordah was the aggressor. It was the contention of plaintiffs in error, based upon testimony of their witnesses, that Mordah acted in self defense and committed no unlawful act. Clearly the instructions carried the suggestion of the court that he might have been engaged in an unlawful act and not acting in self defense. It is true that, in answer to another issue, the jury found that Mordah did not strike Clark in self defense, but it can not be said that the answer to that issue was not influenced by the impression given the jury in the language above quoted.

In Speer's Special Issues, Section 193, it is stated:

" * * * If the interrogatory is so worded as to indicate any opinion whatever of the trial judge as to the verity of the fact inquired about, it is error as a usurpation of the exclusive jury function. If the wording be such as is reasonably calculated to have such effect and there is reasonable doubt whether it did have such effect or not, the matter is resolved against the issue, for the antipathy of the law for the judicial interference with the right of jury trial untrammeled, is thus great and the courts are ever watchful to protect against the least encroachment. * * *."

Many authorities are collated in the footnotes to the text, and reference is made thereto. For the errors indicated the case must be retried.

A question of some difficulty is presented as to the sufficiency of the pleadings to authorize the submission of Issue No. 1, above copied. Since the case must be retried and defendant in error will doubtless recast his pleadings, it is not thought necessary to discuss that question.

The judgments of the Court of Civil Appeals and the trial court, except in so far as E. E. Davis was dismissed from the case, are both reversed and the cause remanded.

Opinion adopted by the Supreme Court May 19, 1937.