OLCOTT v. SQUIRES et al.†

(Court of Civil Appeals of Texas. Galveston. Jan. 5, 1912. Rehearing Denied Feb. 8, 1912.)

1. ADVERSE POSSESSION (§ 44*)—DURATION—CONTINUITY.

Where defendant shows adverse possession with all the required elements for a period sufficient to satisfy the statute, it is immaterial that, prior to that period, he failed to show a connected and continuous possession adverse in character.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 226–231; Dec. Dig. § 44.*]

2. WITNESSES (§ 240*)—LEADING QUESTIONS.

In a suit involving adverse possession, defendant asked a witness the following questions: "How has that cultivation been; has it been broken or not? A. No, sir; not that I know of. Q. Been continuous? A. Yes, sir." Held, that the questions were not objectionable as leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 837–839; Dec. Dig. § 240.*]

3. EVIDENCE (§ 471*)—CONCLUSIONS OF WITNESS.

Such questions and answers were not objectionable as calling for or involving the opinion or conclusion of the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in the admission of secondary evidence as to lost deeds which were not material to the controversy is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—STATEMENT AND PROPOSITION.

An assignment of error in permitting a witness to testify to a matter not within his personal knowledge will not be reviewed on appeal, where the statement accompanying such assignment fails to point out any testimony showing that the witness did not in fact have such personal knowledge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 260*)—EXCEPTIONS IN LOWER COURT—EVIDENCE.

Though testimony was objected to when offered, its competency will not be considered on appeal, where no exception was taken to its admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

Appeal from District Court, San Jacinto County; L. B. Hightower, Judge.

Action by Frederic P. Olcott against E. C. Squires and others. From a judgment for defendants and an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

Baker, Botts, Parker & Garwood and Jno. T. Garrison, for appellant. Baldwin & Taylor and G. I. Turnley, for appellees.

McMEANS, J. This is an action in the ordinary form of trespass to try title, brought by Frederic P. Olcott against E. C. and Rilly Squires and others on November 25, 1908, for the recovery of 323.4 acres of land, part of Houston & Texas Central Railway survey No. 103, in San Jacinto county. The defendants Squires answered by general denial and plea of not guilty, and pleaded, besides other defenses, the statute of limitation of 10 years as to 160 acres of land sued for, describing the same by metes and bounds, and disclaimed as to the remainder of the tract. On October 14, 1909, Dudley Olcott, second, and James N. Wallace intervened, and alleged that they were entitled to all the rights and interest of the plain-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court March 27, 1912.

tiff, Frederic P. Olcott. Plaintiffs thereafter dismissed as to all the defendants, except E. C. and Rilly Squires. A trial was had before the court and a jury, and resulted in a verdict and judgment for defendants Squires for the land described in their answer. From this judgment, plaintiffs, after their motion for a new trial had been overruled, have appealed.

The evidence in the record justifies the following fact conclusions: Some 25 or 30 years before the trial, one Hurley settled on Houston & Texas Central Railway survey No. 103, and on that portion thereof described in defendants' answer, built a small house thereon, and cleared and cultivated some 3 or 4 acres of land. How long he lived there, and when he moved off, the evidence does not disclose. After he left the land, however, it was occupied and the cleared land cultivated by one Glover. The evidence is also silent as to when he took possession, how long he lived there, and when he left. After he moved off, one Hall went into possession of the land, occupying the house and cultivating the cleared land; but the evidence is likewise silent as to when his possession began, how long it continued, and when it was abandoned. The evidence does not show whether the possession of the parties mentioned was continuous or broken. The testimony justifies the conclusion, however, that Hurley conveyed the land in controversy to Glover, and Glover sold to Hall, and that Hall sold to George W. Squires, who was the husband of defendant Rilly Squires and the father of E. C. Squires, and that these conveyances were in writing and duly acknowledged, but had been lost, and were never recorded. George W. Squires died in 1905. He had for many years owned and resided upon a portion of Houston & Texas Central survey No. 104, which lies south of and adjoins survey, No. 103 and the land in controversy. About 18 or 20 years before the trial, George W. Squires first asserted ownership of the land in suit, had the 160 acres in controversy surveyed and its lines marked and corners established, and cleared and put in cultivation about 12 acres thereof on the south side of the tract, and this was inclosed by a fence, which was extended from the land owned by him on survey No. 104, so as to place it and his cultivated land on No. 104 in the same inclosure. This 12 acres was continuously cultivated, used, and enjoyed by said Squires, under his claim of ownership of the land in suit, from the time he entered into possession of the 160 acres in controversy until his death, and since then down to the trial of this case it has been continuously used, cultivated, and enjoyed by the defendants, who claimed under him. About 12 or 13 years before the trial, George W. Squires extended his improvements, so as to include the 3 or 4 acres cleared by Hurley, and from that date

to the time of the trial that portion of the tract has also been in the continuous possession, use, and enjoyment of George W. Squires, or the defendants. After the death of said Squires, other portions of the land were thrown open to cultivation; but, as this was within 10 years next before the suit was filed, the extent of the clearing and inclosure and the continuity of its use need not be stated.

[1] Upon the foregoing findings of fact, we conclude that the claim and possession of defendants, when tacked to that of George W. Squires, under whom they claim, was of such character and extent as to perfect their title to the 160 acres in controversy under the statute of limitation of 10 years, independently of whether the possession of Hurley, Glover, and Hall was connected and continuous, and that it was immaterial whether their use and occupancy thereof was adverse to the true owner, and appellant's first assignment, which raises this point, is overruled. Our fact findings also necessarily dispose of appellant's second and third assignments adversely to his contention, and said assignments are overruled without further comment.

[2, 3] While witness Jesse Brown was testifying to George W. Squires' cultivation of the Hurley place, by which name the small tract of three or four acres at one time occupied by Hurley was known, he was asked questions and made answers thereto as follows: "Q. How has that cultivation been; has it been broken or not? A. No, sir; not that I know of. Q. Been continuous? A. Yes, sir." These questions and answers were objected to on the ground that the questions were leading and the answers were the opinion and conclusion of the witness. We think the objection was correctly overruled. We do not think the questions were leading, or that the witness in answer thereto stated his opinion or conclusion. It was not entirely clear what the witness meant by his answer to the first question, and the second question was evidently put to make his meaning clear. The assignment is overruled.

[4] The fifth, sixth, and seventh assignments are based upon the refusal of the court to sustain appellant's objection to the introduction of secondary evidence to prove the execution and contents of deeds from Hurley to Glover, Glover to Hall, and Hall to George W. Squires; the objection being that a proper predicate had not been laid for making such proof. We think the evidence shows sufficient diligence in searching for the missing deeds in the places they were most likely to be found to admit the proof. But whether this is true or not, the evidence complained of was wholly immaterial, and could not have prejudiced any rights of appellant in view of our finding that appellees' title was perfected under the 10-year

statute of limitation, independently of any claim of George W. Squires or appellees under the deeds. The assignments are overruled.

[5, 6] The eighth assignment complains that the court erred in permitting the witness E. C. Squires to testify that the 160 acres of land claimed by defendants was surveyed off and the lines run off and marked upon the ground about 18 or 20 years before the trial. In his first proposition under this assignment, appellant says it was incompetent for the witness to testify as to when the original lines of the 160 acres were actually run, "he not having been present when the same was made, and any declaration as to when and how the lines were run, he not being present at the time, would be hearsay." Appellant in his statement under this assignment fails to point out any testimony showing that witness was not present when the original survey was made. On the contrary, this witness testified, as shown in other portions of appellant's brief, that he was present. Another valid reason why the assignment cannot be sustained is that, while the testimony was objected to at the time it was offered, no exceptions were reserved to its admission.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.