## JOY v. CRAIG.
### No. 4591.

Court of Civil Appeals of Texas. Amarillo.
April 20, 1936.

Rehearing Denied May 18, 1936.

J. W. Chancellor, of Bowie, and Williams & Bell, of Childress, for appellant.

L. B. Godwin and Works & Bassett, all of Amarillo, for appellee.

MARTIN, Justice.

The facts of this case are reported in the opinion on a former appeal. (Tex.Civ. App.) 81 S.W.(2d) 261. We briefly supplement these.

Appellant owned and operated a high-density cotton compress in the town of Childress. Appellee was employed thereat as a tie pusher. It was part of his duty to retrieve broken ties. He alleges injuries received while performing this duty, fully detailed in our former opinion supra. Appellee's petition alleges, in part:

"That he (appellant) has had in his employ more than three men during all the times material to the matters involved herein, and that no policy of Workmen's Compensation Insurance was in fact carried by him or on said business during any of

said time, although he and said business were eligible for such insurance. * * *

"The grounds of negligence herein relied upon are: * * * That said Jim Montgomery reapplied power to said press as above shown when he knew or in the exercise of ordinary care would have known that plaintiff's hand was between the bale of cotton and the upper block of the press on the occasion in question.

"That said Jim Montgomery, though the operator of said press, repressed the bale of cotton involved against the upper block of said press when he knew or in the exercise of ordinary care would have known that plaintiff's hand was between said bale and the upper block of said press, without warning to plaintiff in time for him, in the exercise of ordinary care, to remove his hand from such position."

Among others, the trial court submitted the following special issues:

"Special Issue No. 5. Do you find from a preponderance of the evidence that Montgomery, who was handling the press, would, in the exercise of ordinary care in the discharge of his duties, have known at the time that the plaintiff, George Craig's hand was in such position that the raising of the press, if he did, at the time he did, would be dangerous to the plaintiff? Answer Yes or No. Answer: Yes.

"If you have answered the foregoing special issue 'No,' then you need not answer the following special issue No. 6, but if you have answered it 'Yes,' then answer the following special issue:

"Special Issue No. 6. Was the raising of the press at such time and under such circumstances negligence on the part of Montgomery? Answer Yes or No. Answer: Yes.

"If you have answered the foregoing special issue No. 6 'Yes,' then answer the following special issue, but if you have answered it 'No,' then you need not answer the following special issue.

"Special Issue No. 7. Was the raising of such press, if it was, and at the time it was raised, if it was, the proximate cause of the injury to plaintiff? Answer Yes or No."

All answers being favorable to appellee, judgment for $6,000 was entered for appellee.

■ Appellant filed the following exception to special issue No. 6: "Defendant excepts and objects to special issue No. 6, for the reason that it is upon the weight of the evidence, and assumes that Montgomery did in fact apply the power to raise the press, and negatives defendant's theory of a rebound of the press." To appraise this, it becomes necessary to give here its background. Montgomery was appellant's engineer. It was appellee's theory in part that he applied the power and raised the press under the circumstances pleaded and submitted as shown above, and that same was negligence. Appellant's theory was that the press rebounded against the upper block, thus hurting appellee without any affirmative act by Montgomery, and that he only applied the power to catch and hold the rebound. Under this theory, appellant had already been hurt when the power was applied by Montgomery. In short, the respective theories which have any support in the evidence are: For appellee, that the press was raised before his injury and caused it; for appellant, that his injury was caused solely by its rebound and the power was applied to catch such rebound. This defensive theory was affirmatively presented and answered unfavorably to appellant. If there is any assumption in No. 6 against this theory, it is in our opinion too refined and subtle to be understood by the average juror. The expression, "was the raising of the press at such time and under such circumstances," is on its face plainly on the weight of the evidence. This defect appears to have been obviated in issue No. 7. However, the charge must be read as a whole, and reading No. 6 in connection with No. 5 preceding it, and especially the instructions not to answer except in case of an affirmative reply to No. 5, relieves it of this objection under the following cases: Davis v. Christensen (Tex.Civ. App.) 247 S.W. 303 (writ ref.), and Proctor et al. v. Cisco & N. E. Ry. Co. et al., (Tex.Com.App.) 277 S.W. 1047. Our attention was not called to these cases on the former appeal. We have found contrariety of opinion and confusion on this subject in the decisions of the Courts of Civil Appeals, to which this Court has contributed its share. We mention only the two cases above, as they apparently have the approval of the Supreme Court. Moreover, a reconsideration of this question convinces us that they express the more logical and practical view of this controversial subject.

Appellant's contention is overruled.

■ Another ground of negligence was alleged and submitted in special issues. Objections appear to these, which will not be discussed, because the judgment here finds support in the ground of negligence already discussed. Such errors, if any, were harmless, under this particular record. West Texas Coaches, Inc., v. Madi et al. (Tex.Com.App.) 26 S.W.(2d) 199; Commercial Standard Ins. Co. v. Shudde et al. (Tex.Civ.App.) 76 S.W.(2d) 561.

■ In attempting to retrieve a broken tie, appellant placed his hand on the bale of cotton being compressed, *and* between such bale and the upper platen or top of the press. The press suddenly came upward, catching and severely injuring his hand and arm. Whether the upward movement was due to the reapplication of power to the press, or to a rebound, was the hotly contested issue. In response to defensive pleading, the court submitted the following issue: "Do you find from a preponderance of the evidence that the act of plaintiff in placing his hand upon the bale of cotton on the occasion alleged, was the sole proximate cause of the injury?" Appellant filed the following objection: "Defendant excepts and objects to the charge as a whole, for the reason that it fails to submit affirmatively the theory of the defendant that the injury to plaintiff was occasioned by his own negligence as a sole proximate cause of his injuries." The issue as submitted based this defensive issue on the one fact of whether or not appellee's act in placing his hand upon the bale of cotton was the sole proximate cause of the injury, thus entitling appellant to a judgment regardless of or in spite of the negligence of appellant in so doing. This was more than appellant was entitled to. There could in our opinion be no harmful effect in an issue which eliminated negligence from such act. Whether such act was with or without negligence, it constituted a defense under the manner of submission. The quoted issue plainly gave appellant all and more than he was entitled to, though it did not require a finding of negligence as appellant now contends it should have. The effect of the above was to impliedly assume negligence. The error was against appellee.

■ Exception was reserved to the action of the trial court in refusing to permit a witness to answer a hypothetical question. There is no showing in the record as to what the answer of the witness to the question would have been. Without this we are unable to review the assignment raising this question. Carter v. Green (Tex.Civ.App.) 64 S.W.(2d) 1069 (writ ref.). For full collation of authorities, see Vernon's Ann.Civ.St. art. 2237, note 41.

■ One of appellant's defensive issues was that the appellee's injury was the result of an accident. This was affirmatively submitted, and "accident" defined as follows: "By 'accident' is meant such an unforeseen and unexpected happening as occurs without anyone being to blame therefor, and without anyone being guilty of negligence in doing, or permitting to be done, or omitting to do the particular thing or things that cause such happening." To this definition, appellant filed the following objection: "Defendant excepts and objects to the definition of 'accident' as given in Paragraph 4 of the charge, and says that it is not a correct definition of that term under the law and facts of this case, in that it charges that the occurrence must have happened without the negligence of either party; and defendant says that in this case the injury to plaintiff, if any, may have been occasioned by an accident as to this defendant, even though it may have been by reason of the negligence of plaintiff."

Three defensive theories were presented in the trial court, viz.: (1) No negligence of appellant; (2) negligence of appellee as the sole proximate cause; and (3) accident. Contributory negligence as a defense is admittedly out of the case, because appellant failed to comply with the Texas Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.), requiring employers in appellant's class to take out insurance, etc.

Conceding, without deciding, that such issue is present here, we have been pointed to no evidence of any negligent act of appellee directly or remotely causing, or having any connection with, the rebound of the press. If any accident happened, it was such rebound. Is appellant to escape liability because appellee's negligence in putting his hand on the bale of cotton contributed to proximately cause his injuries? This tends to reintroduce contributory negligence into the case, which is no defense, as stated above. If appellee's said negligence was the sole cause of the injury, then it wasn't an accident. If it

could be neither of these, what kind of negligence was it that appellant desired incorporated as part of the definition of accident, so as to make same available as a defense?

However this may be, the said definition is a stereotyped one, many times approved in effect by the Supreme Court as substantially correct. We quote first from Vesper v. Lavender (Tex.Civ.App.) 149 S.W. 377, at page 380 (writ ref.):

"'By accident is meant such an unexpected catastrophe as occurs without any one being to blame for it; that is, without anybody being guilty of negligence in doing or permitting to be done or omitting to do the particular thing that caused such casualty.' * * *

"The definition given by the court was substantially correct. In Trinity County Lumber Co. v. Denham, 85 Tex. [56] 60, 19 S.W. [1012] 1013, this definition is stated: 'An accident that cannot be reasonably anticipated by either of the parties, and that occurs without fault of the person charged with it, is not actionable.' The charge was in the exact terms of a definition given by the Supreme Court of Missouri in Briscoe v. Metropolitan Railway Co., 222 Mo. 104, 120 S.W. 1162. On the other hand, the definition, 'An accident is an event happening unexpectedly and without the foresight or foreknowledge of a person,' is misleading, as it disregards the question of negligence."

Quoting further:

"'By an "accident" or "unavoidable accident" is meant such an unexpected catastrophe as occurs without anyone being to blame for it; that is, in other words, being guilty of negligence in doing or permitting to be done or omitting to do the particular thing that caused such casualty.' * * *

"The definition of unavoidable accident as given is practically identical with that approved by the San Antonio Court of Civil Appeals in the case of Vesper et ux. v. Lavender, 149 S.W. 377, writ refused,

and we do not find, from a search of the authorities, that the definition there approved has ever been changed.

"The above definition appears to be in harmony with the holding of our Court of Civil Appeals in the case of Galveston, H. &. S. A. R. Co. v. Gormley, 35 S.W. 488, in which the court used this language: 'Where an accident occurs without the negligence of either party, it is known as an "unavoidable" accident.'" Magnolia Coca Cola Bottling Co. v. Jordan et ux. (Tex.Civ.App.) 47 S.W.(2d) 901, 902. * * *

"The issue of unavoidable accident is not raised when there is no evidence tending to prove that the injury resulted from some cause other than the negligence of one of the parties. Boyles v. McClure (Tex.Com.App.) 243 S.W. 1080." Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.(2d) 944, 951, 97 A.L.R. 1513.

"This accident could have occurred without the negligence of any of the parties charged to have been connected therewith. Such a record certainly raised the issue of unavoidable accident." New Nueces Hotel Co. v. Sorenson et al., 124 Tex. 175, 76 S. W.(2d) 488, at page 491.

"If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable." Dallas Ry. & Terminal Co. v. Darden (Tex.Com.App.) 38 S.W.(2d) 777, 779.

Under the particular facts of this record, we hold that the court's definition of "accident" does not present reversible error.

Appellant presents again as error the action of the trial court in overruling his plea of privilege. This assignment was overruled on the former appeal of this case, and will not be further noticed.

The evidence in our opinion sufficiently supports the verdict returned.

Finding no reversible error in the record, the judgment is affirmed.