### JOHNSON v. JOHNSON et al.

No. 5208.

Court of Civil Appeals of Texas. Texarkana.

June 3, 1938.

Rehearing Denied June 16, 1938.

F. G. Swanson, of Tyler, and Joseph H. Byers, of Henderson, for appellant

Ramey, Calhoun & Marsh, of Tyler, for appellees.

HALL, Justice.

This suit was instituted by appellant, an insane person, by and through her son,

J. W. Tyiska, who was her legal guardian appointed in 1933, against Tom Johnson, A. M. Wallace, J. J. Waggoner, and W. P. Hardeman, to cancel a mineral deed executed December 3, 1931, by appellant, Harriet Tyiska Johnson, and another in favor of A. M. Wallace and J. J. Waggoner covering 9/12 undivided interest in the minerals in and under 109 acres of land located in Smith County, Texas. Appellant alleged that on the date the mineral deed was executed Harriet Tyiska Johnson was a person of unsound mind; that appellees were guilty of fraud in procuring said deed; and that there was no consideration paid therefor. The petition was verified. Appellees answered by general denial and plea of not guilty, and by way of cross action alleged an action of trespass to try title. Trial was to a jury on one special issue making inquiry respecting the soundness of appellant's mind on the date the mineral deed was executed. The jury answered that the appellant's mind was not unsound on said date, and judgment was accordingly entered for appellees.

Appellant's first assignment of error is:

"The trial court erred in excluding the testimony of George Cole, Loys Arnold, and Lula Jackson, or of any one of them, who would have testified to the acts and conduct of plaintiff, (appellant) Harriet Tyiska Johnson, as, in their opinion, led them to believe that she was a person of unsound mind on December 3, 1931, and on the day of the trial."

These witnesses testified to certain conversations had with Harriet Tyiska Johnson as well as acts and conduct on her part shortly before December 3, 1931, but they were not permitted by the court to express an opinion respecting the unsoundness of appellant's mind. The record contains no bill of exception showing what the answer of the witnesses would have been, nor does the statement of facts contain what such answer would have been. In this state of the record we can not review and determine the correctness of the trial court's ruling on the testimony offered. In Joy v. Craig, 94 S.W. 2d 524, opinion by Judge Martin of the Amarillo Court of Civil Appeals, now of the Commission of Appeals, it is said (page 526):

"Exception was reserved to the action of the trial court in refusing to permit a witness to answer a hypothetical question. There is no showing in the record as to what the answer of the witness to the question would have been. Without this we are un-able to review the assignment raising this question." Carter v. Green, Tex.Civ.App., 64 S.W.2d 1069, writ refused; Missouri, K. & T. Ry. Co. v. Neiser, 54 Tex.Civ.App. 460, 118 S.W. 166. For full collation of authorities see 3 Texas Digest, Appeal and Error, ▮▮▮▮ (1).

▮▮▮ Appellant also assigns as error the action of the trial court "in admitting the testimony of defendants' (appellees') lay witnesses and permitting them to testify that the plaintiff, Harriet Tyiska Johnson, was of sound mind without first having laid the premises as to her acts and statements prior to and on December 3, 1931." The record reveals that no exception was reserved to the action of the court in permitting appellees' witnesses to testify that Harriet Tyiska Johnson was of sound mind. True it is, objection was made at the time the evidence of two of the witnesses was given on the trial, but no exception was reserved to its admission. It is absolutely necessary to not only object to the admission of harmful testimony, but also to except to the action of the trial court in permitting its introduction in order to present the error, if any, on appeal. Olcott v. Squires, Tex. Civ.App., 144 S.W. 314, writ refused; Hayes v. Groesbeck, Tex.Civ.App., 146 S.W. 327, writ refused; Dyer v. Pierce, Tex.Civ.App., 60 S.W. 441. However, we have carefully examined the testimony of these witnesses, especially with respect to their acquaintance and association with appellant prior to the date of the execution of the mineral deed in controversy, and conclude that the trial court did not err in permitting them to state their opinion relative to her sanity. This assignment is therefore overruled.

▮▮ ▮▮ Appellant next complains of the action of the trial court in refusing to submit to the jury the requested issues relating to failure of consideration for the royalty deed sought to be cancelled, and fraud in its procurement. The evidence in the record wholly fails to establish either failure of consideration or fraud, and for this reason the court was not required to submit said issues to the jury. The contention, however, is made by appellant with respect to the issue of failure of consideration that appellant having by verified pleading alleged failure of consideration, the burden shifted to appellees to establish that the royalty deed was supported by a valuable consideration. We do not understand this to be the rule. The office of the verified petition attacking the consideration of the mineral

deed was to permit the introduction of evidence on that issue and not to shift the burden of proof to appellees to establish a consideration for same. Newton v. Newton, 77 Tex. 508, 14 S.W. 157; R.C.S. Art. 2010, Sec. 10. This assignment is overruled.

 Appellant also assigns as error the "misconduct, improper conduct, and prejudicial conduct on the part of the jury in various particulars." To her motion for new trial appellant attached the affidavit of several jurors who tried the case to the effect that during the deliberations one or more of the jurors stated in substance that the mention by appellant's attorneys of having a doctor as a witness in their behalf who was unable to be present might have been a bluff; that the old Negro, meaning the appellant, had plenty anyway, and that it did not make any difference which way the case was decided, the lawyers would get it all. And the further fact was alleged in said affidavit that the jury room was filled with tobacco smoke which was offensive to one juror. A hearing was had on this motion and several jurors testified that after the first ballot was taken, which showed that the jury stood either nine to three or ten to two for sanity, the above remarks were made by some members of the jury whose identity was not known. Some of the jurors heard parts of these statements. Each of the jurors testified that the statements made did not affect his verdict in the case. Some of them testified that they voted on the first ballot for "unsound mind" and the others on the first ballot were for "sound mind." One juror voting for "sound mind" testified that he heard something like the statement "she is just an old Negro, anyway, and will have plenty regardless of how the case goes." Another juror who voted for "sound mind" did not hear the statement "that way." The two jurors who testified that they voted for "unsound mind" did not hear this statement. This condition existed relative to the other alleged statements. This testimony was before the court. It presented conflicting statements of the jurors respecting the alleged misconduct under inquiry, and the trial judge could believe or disbelieve any or all of them. He had a wide discretion in matters of this character, and it is proper that he should. This being true, we feel warranted in sustaining the action of the trial court in overruling the motion of appellant for new trial. Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S.W. 606; Bradley v. Texas & P. Ry. Co., Tex.Com.

App., 1 S.W.2d 861, 865; Allala v. A. N. Tandy & Sons, 127 Tex. 148, 92 S.W.2d 227.

Other assignments brought forward we have examined and found without merit and they are therefore overruled.

The judgment is affirmed.