## DUFF v. COLLINS et al.

### No. 9821.

Court of Civil Appeals of Texas. Austin.

Nov. 16, 1949.

Rehearing Denied Dec. 7, 1949.

214

John J. McKay, Charles N. Avery, Jr., of Austin, for appellant.

Polk Shelton, of Austin, for appellees.

GRAY, Justice.

This is a child custody case. In June 1943 appellant and appellee, Mrs. Ruth Collins, were divorced, and at the time of the divorce were the parents of an adopted son, William Michael Duff, who (in 1943) was about four years of age. The decree of divorce recited that said minor was residing with the plaintiff (then Mrs. Ruth Duff, but now Mrs. Ruth Collins, appellee), and that the defendant (appellant) has agreed:

"To pay to plaintiff the sum of Fifty ($50.00) Dollars per month for the support, education and maintenance of said minor, said agreement is approved by the court, and defendant is directed to pay to plaintiff for such support, education and maintenance of said minor the sum of Fifty ($50.00) Dollars per month so long as said minor shall reside with plaintiff. And it further being made to appear to the court that defendant has agreed to pay to plaintiff the sum of Fifty ($50.00) Dollars per month until such time as she shall re-marry, in addition to the sum agreed to be paid by defendant to plaintiff for the support, maintenance and education of the said minor, William Michael Duff, such agreement is recognized by the court and approved."

"* * * It is further ordered, adjudged and decreed that defendant herein pay to plaintiff herein the sum of Fifty ($50.00) Dollars per month for the support, education and maintenance of William Michael Duff, the said minor child, so long as said minor shall remain with the plaintiff herein. And it is further ordered, adjudged and decreed that defendant pay to Plaintiff the sum of Fifty ($50.00) Dollars per month until such time as she shall remarry, in addition to the sum of Fifty ($50.00) Dollars per month for the support, education and maintenance of the said minor child."

A copy of this decree was attached to appellant's petition in this cause.

Except that the minor has been allowed to spend a portion of the time with appellant, the parties have abided by this judgment.

Within a few months after the divorce appellant remarried but continued to abide by the above judgment and made the payments therein directed until the marriage of appellees in November 1948, since which time the payments to Mrs. Collins have ceased but the payments to her for the minor's support have been continued.

Appellant filed this suit on February 2, 1948, alleging changed conditions; that the best interest of the minor requires that his custody be awarded to appellant; prayed that such custody be so awarded; that the judgment of June 1943 be modified and set aside in so far as the same requires appellant to make payments of money and as to the custody of the minor.

Upon a non-jury trial, the court rendered judgment denying the relief prayed for and that appellant take nothing.

Appellant complains that the judgment of June 1943 did not award the custody of the minor, and that the trial court erred in this cause in not so doing.

It may be admitted that the judgment is not as definite as it might, and should, have been. For the purpose of aiding in the construction of the judgment, plaintiff's petition filed in that cause was admitted in evidence. This petition alleged that the defendant (appellant here) agreed to make the payments that were adjudged against him, and alleged that the minor, William Michael Duff, was the adopted child of the marriage. It does not appear from the record that appellant denied these allegations, but rather it appears the judgment, as to payments and the minor, was entered pursuant to agreement, and no difficulties appear to have resulted from the judgment until the filing of this suit.

Art. 4639, Vernon's Ann.Civ.St., made it the duty of the court to then make such orders relative to the custody and support of the minor as was for his best interest. We think the rule applicable for the construction of this judgment is announced in Keton v. Clark, Tex.Civ.App., 67 S.W.2d 437, 439, Er.Ref., as follows: "We are required, in passing upon the validity of said judgment, to so construe its provisions, if we can do so without violence to the language used, as to sustain the same. Necessary legal implications are included, although not expressed in terms, and the legal effect rather than the mere language used governs. If susceptible of more than one interpretation, that one should be adopted which will render it the more reasonable, effective, and conclusive, and which will make it harmonize with the facts and law of the case and be such as ought to have been rendered."

■ Appellant complains of the refusal of the trial court to admit in evidence a copy of a petition which appellant says that the plaintiff in the divorce suit had her attorney prepare and submit to appellant, which he refused to agree to, and that deletions were made. Such petition was never filed but it appears to have been signed by the then plaintiff's attorneys. It does not appear that appellant was not permitted to testify to any fact therein stated or alleged. Such petition was apparently prepared in an effort to make allegations in accordance with the agreement of the parties relative to property and the custody of the minor, but such effort, at least in part, failed.

While the reason for the exclusion of this writing is not given, we think it strongly suggests that it was prepared and submitted in furtherance of an effort to compromise the issues mentioned and for that reason was not admissible in evidence, even though it may have contained matters of admission on the part of the then plaintiff which are not severable and independent from and of the efforts to compromise disclosed by the petition.

■ Appellant complains that, under the evidence, the trial court erred in refusing to award the custody of the minor to him.

The evidence presented an issue of fact to be determined by the trial court as to where the custody of the minor should be placed in order that his best interest would be served.

We do not think it necessary to here set out the testimony. We have carefully reviewed the entire record and fail to find any abuse of discretion by the trial court. In the absence of such abuse, this court is not authorized to interfere with the exercise of discretion vested in, and exercised by, the trial court. McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963. Er.Ref.W. M.

■ During the trial, the court was requested by the parties to interview the minor relative to his wishes in the matter of the award of his custody. At the time of such request the court had already interviewed the minor.

Appellant brings forward a bill of exception stating that at this conference the minor advised the court that he was not satisfied with the present arrangements, that he desired his permanent custody be given his father, and that suitable arrangements be made for him to visit his mother.

This bill of exception appears to have been in connection with appellant's request for additional findings of fact. The

record does not disclose what was said by the minor nor the court at the conference.

Upon the bill of exception being presented to the trial court for approval, it was qualified by the court saying the minor did not inform the court that he was not satisfied and that he did not inform the court that he preferred that his permanent custody be given his father. As so qualified, the bill of exception was accepted and filed. In such condition the bill presented no error. Rule 373, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

Affirmed.

ARCHER, C. J., not sitting.