## DE BORDE v. BRYAN et al.

### No. 14524.

Court of Civil Appeals of Texas. Dallas.
Sept. 26, 1952.

Rehearing Denied Oct. 24, 1952.

O'Connor & Douglass, Dallas, Frank S. Roberts, Breckenridge, for appellant.

Storey, Armstrong & Steger, Dallas, for appellees.

CRAMER, Justice.

Plaintiff below is the appellant here, and for convenience the parties will be designated as in the trial court. Plaintiff's action was in trespass to try title for title and possession of Lot 4, Block 699, City of Dallas, Dallas County, Texas. It was undisputed that Mrs. Alice B. Poe, deceased, was the common source of title. Defendant Mrs. Bessie L. Bryan and Mrs. Mae DeBorde, now deceased, were the daughters of Mrs. Alice B. Poe, now deceased. Plaintiff W. H. DeBorde is the surviving husband of Mrs. Mae DeBorde, deceased. Plaintiff DeBorde claims title through his deceased wife as her sole heir at law. On December 31, 1936 Mrs. Alice Poe signed a deed to the property involved to Mrs. Mae DeBorde, in which deed Mrs. Poe reserved to herself a life estate in the property. The deed was acknowledged by Mrs. Poe on September 14, 1937 and it was filed for record November 1, 1939.

Mrs. Mae DeBorde, deceased, was adjudged insane on June 23, 1939 and died October 16, 1939. Mrs. Alice Poe died September 14, 1941. W. H. DeBorde, after his wife was declared insane, was appointed guardian of his wife's estate on July 11, 1939 and qualified immediately thereafter. His inventory and appraisement of the estate did not list the property here involved.

Mrs. Poe was in possession of the property involved until her death and thereafter the Bryans took possession under claim of title from Mrs. Poe, and exercised exclusive control thereof until April 11, 1951, when the trial court appointed a receiver to hold same pending final hearing herein.

It was undisputed that Mrs. Bessie Bryan survived Mrs. Poe, now deceased, and was therefore her only surviving heir at the time of Mrs. Poe's death in September 1941.

Defendants' answer was a plea of not guilty and that they had exclusive possession of the property until the receiver was appointed; they also pled the three, five and ten-year statutes of limitation; that the deed in question was never executed or delivered by Mrs. Poe to Mrs. DeBorde; that there was no consideration for the deed; that both Mrs. Poe and Mrs. DeBorde were of unsound mind and mentally incompetent at the time the deed was executed, and affirmatively sought cancellation of the deed.

Plaintiff answered defendants' affirmative pleading to cancel the deed by general denial and a plea of the four-year statute of limitation.

The trial was to a jury who in answer to special issues found in substance that: (1) Mrs. Alice Poe did sign the deed involved; (1–a) did not sign the same as a result of undue influence by Mrs. Mae DeBorde and W. H. DeBorde; (1–b) did sign the deed as a result of undue influence of Mrs. Mae DeBorde; (1–c) did not sign the deed as a result of undue influence by W. H. DeBorde; (2) that no consideration passed from the DeBordes to Mrs. Poe for the conveyance of the property; (2–a) Mrs. Poe did not deliver the deed to Mrs. DeBorde; (3, 4) Mrs. Alice Poe was of unsound mind both on December 31, 1936 and on September 14, 1937; (5, 6) Mrs. Mae DeBorde was of unsound mind on December 31, 1936 and on September 14, 1937; (7) the rental value of the property at all times material here was $70 per month; (8, 9) the Bryans caused no damage to the property; (10) the Bryans paid $925 in taxes on the property after Mrs. Poe's death; (11, 12) but made no improvements thereon during that time; (15) that Mrs. Bessie Bryan inherited an estate in Kentucky; (16, 17) but no portion thereof was used in the purchase and improvement of the property in question.

Judgment on the verdict was rendered and entered for defendants denying plaintiff a recovery; removed the cloud from the title cast by the deed; discharged the receiver and taxed the costs against plaintiff. Plaintiff has duly perfected this appeal from such judgment, here assigning nineteen points of error.

The first and seventh points assert that appellees' cause of action to cancel the deed in question was barred by the four-year statute of limitation since more than four years elapsed after the acknowledgment of the deed by Mrs. Poe and the filing of the cross action by defendants to cancel the deed on the ground that it was never delivered.

■ The general rules applicable to this question are well settled. One in possession of land by virtue of a legal or equitable title will be allowed to defend such title and, by cross action, to cancel void or voidable instruments which may be a cloud upon such title irrespective of the four-year statute of limitation, without instituting a separate affirmative action to cancel such instrument within the four-year period. Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S.W. 601; State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950.

■ It is undisputed that at the time of the institution of the suit defendants had possession of the property under a claim of title by inheritance from Mrs. Poe. Being in possession, limitation did not run against their right to secure affirmative relief to protect such possession of title to the property by cross action to remove the cloud.

■ The only question is whether or not the cross action has as its main purpose the removal of a cloud from the title, or is an original action to cancel a void deed. We answer that the cross action was one to remove the cloud from the title. An undelivered deed does not pass title.

■ The evidence here raised an issue of fact as to delivery, and the jury's verdict finding no delivery is binding until set aside. Coleman v. Easton, Tex. Com. App., 249 S.W. 200.

The undelivered deed was a cloud on the title of the Bryans. They are, and have been, in possession of the property since the death of Mrs. Poe; are still in possession

except insofar as their possession was interrupted by the property being taken into custody of the court through a receiver for safekeeping pending final judgment.

We therefore hold that the four-year statute of limitation did not run against defendants, and overrule points 1 and 7.

■ Points 2, 3, and 4 attack the jury's finding to issue 1–a as not authorized or supported by pleading or evidence, and as contrary to the great weight and preponderance of the evidence. The finding attacked by these points is that Mrs. Poe signed the deed involved as a result of undue influence exercised upon her by Mrs. DeBorde, now deceased. The evidence, in our opinion, made issues of fact on these questions for the jury. There is testimony that Mrs. Poe would do anything Mrs. DeBorde told her to do; that if Mrs. DeBorde did get Mrs. Poe to sign this deed, she was drilled into it by her husband; also that if Mrs. DeBorde got Mrs. Poe to make the deed, neither she nor Mrs. Poe knew what they were doing; that "with Mrs. Poe's mind like it was," she would have signed anything anyone asked her to sign; that Mrs. DeBorde lived with Mrs. Poe in her home from 1922 until Mrs. DeBorde's death in 1939. Although there was other evidence, it was for the jury to reconcile such difference in finding the fact issues involved. Being jury issues, the jury findings are approved. Points 2, 3, and 4 are overruled.

■ Appellant's points 5 and 6 attack the jury's finding to issue No. 2 to the effect that there was no consideration for the deed. The evidence raised the issue for the jury. DeBorde himself testified that he and his wife contributed to the support of Mrs. Poe; spent substantial sums on the place; he and his wife contributed to her support up to about 1939 when Mrs. DeBorde died. This evidence, though controverted, was for the jury to pass upon; and having done so favorably to the defendants, the question was settled against the plaintiff. Points 5 and 6 are overruled.

■ Points 8 and 9 assert that the jury's finding that the deed was not delivered is without support in the evidence and is contrary to the great preponderance of the evidence. Here, again, the evidence made a jury question on such issue. The evidence was such that the jury could have believed either side. The verdict settled the question.

Points 8 and 9 are overruled.

Points 10 to 13 inclusive attack the jury's finding that Mrs. Poe was of unsound mind on December 31, 1936 and on September 14, 1937, both as being against the great preponderance of the evidence and as being without support in any evidence.

■ In our opinion the evidence was conflicting and made a jury issue. The jury considered the conflicting facts and circumstances and their finding, being supported by such facts and circumstances, is binding on us, unless against the great preponderance of the evidence. We find it is not against the great preponderance of the evidence.

Points 10 to 13 inclusive are overruled.

Points 14 to 17 inclusive attack the jury's finding that Mrs. Mae DeBorde was of unsound mind on December 31, 1936 and on September 14, 1937, both as being without any evidence to support it and as being contrary to the great weight of the evidence. The evidence clearly raises these isues. It was uncontroverted that Mrs. DeBorde died after such dates in the insane asylum. Points 14 to 17 inclusive are overruled.

■ Point 18 attacks the court's entry of judgment removing the cloud cast by the deed on their title both as being without evidence and against the preponderance of the evidence, the pleading being for cancellation of the deed only. The pleading sought title to the property and, to establish title, sought cancellation of the deed under which DeBorde claimed. It was not necessary to plead the effect of such cancellation, it being plain that without canceling and removing the cloud, which was the effect of such deed, they were not entitled to recover. The jury having found that the deed was not delivered and that the grantor was mentally incompetent to execute a deed, the court properly cancelled the deed and removed the cloud cast by such deed upon

the title by reason of its registration by the County Clerk of Dallas County, Texas. Point 18 is overruled.

Point 19 asserts a conflict in the jury's finding to issue 1-b and issues 5 and 6. We find no conflict in the finding that a person was unduly influenced with the finding that such person at the very time was also of unsound mind. A person of unsound mind can be more easily influenced, at times, than a sane person; sometimes not. Branton v. Inks, Tex.Civ.App., 149 S.W.2d 667, while not directly in point, goes further and holds such influence on such a person amounts to fraud. Ellis v. Mathews, 19 Tex. 390. The point is overruled.

Finding no error in the trial court's judgment, it is affirmed.