## ATLANTIC PIPE LINE CO. v. FIELDS et al.

### No. 12493.

Court of Civil Appeals of Texas. San Antonio.

March 4, 1953.

Rehearing Denied April 1, 1953.

C. H. Gilmer, Rocksprings, for appellant.

Hopkins & Hopkins, Denton, for appellees.

W. O. MURRAY, Justice.

This is a condemnation proceeding brought by Atlantic Pipe Line Company against John D. Fields, William J. Fields, Jr., and Alvis Johnson, individually and in their capacity as trustees of Mary F. Fields, Herbert W. Fields, Thelma Johnson, Eleanor F. Hopkins, George M. Hopkins, and Bankers Life Company.

Plaintiff sought to condemn and obtain a right-of-way fifty feet in width, over and across lands of defendants situated in Sutton County, Texas, a total distance of 22,168 feet. The right-of-way was sought for the purpose of constructing, operating and maintaining a steel pipe line, ten inches in diameter, with necessary telephone line facilities over the right-of-way. Special commissioners filed a report showing damages in a certain sum, which defendants refused to accept and appealed to the County Court of Sutton County.

A jury trial was had in the County Court and judgment was rendered in defendants' favor in the sum of $12,387.50, from which judgment Atlantic Pipe Line Company has prosecuted this appeal.

Appellant first contends that the trial court erred in overruling its motion for a continuance, based upon the failure of appellees to serve notice upon Bankers Life Company, one of the defendants below, of appellees' appeal from the award of the special commissioners. Bankers Life Company held a mortgage lien upon all of appellees' property. The judgment below ordered the entire sum recovered by appellees paid over to Bankers Life Company, as a credit upon appellees' indebtedness to it, secured by a lien upon their land. One of the attorneys for appellees, Geo. M. Hopkins, Esq., announced that he was appearing for Bankers Life Company, thus attempting to waive the necessity of serving the Company with notice. Appellant contends that there was a conflict of interest between appellees and Bankers Life Company and therefore Geo. M. Hopkins could not appear for appellees and at the same time represent Bankers Life Company. Inasmuch as the entire recovery herein was ordered to be paid over to

Bankers Life Company, and inasmuch as Bankers Life Company has made no complaint as to this judgment it occurs to us that the contention here presented is one that could properly be presented only by Bankers Life Company. Furthermore, Bankers Life Company entered its appearance herein when it joined in a motion admitting appellant's right to condemn the right-of-way and asking for the right to open and close upon the question of damage. Bankers Life Company joined in this motion acting through its attorney, Mack L. Vickrey, who was in no way disqualified to represent it. National Housing Agency v. Orton, Tex.Civ.App., 202 S.W.2d 243; Empire Gas & Fuel Company v. Noble, Tex. Com.App., 36 S.W.2d 451.

Appellant next complains because the court excluded a letter written by Alvis Johnson, one of appellees, to Bill Looney (a representative of appellant), which contained alleged admissions against interest. This letter was written while this litigation was pending and shows on its face that it was an attempt to settle the controversy. Such letter was not admissible in evidence and the court did not err in excluding it. Duff v. Collins, Tex.Civ.App., 225 S.W.2d 213; Whitsett v. Whitsett, Tex.Civ.App., 201 S.W.2d 114; Sullivan v. Missouri K. & T. Ry. Co., 110 Tex. 360, 220 S.W. 769; Howard v. O'Neal, Tex.Civ.App., 246 S. W.2d 907.

Appellant next complains because the trial court excluded two receipts offered in evidence by it, one signed by Alvis Johnson and the other by Herbert Fields. The one signed by Alvis Johnson reads as follows:

"Damage Receipt

December 9, 1949.

Right of Way No. 30, 31, 32, 33, 34, 35–Sutton

Draft # 1590

Line No. Crane-Refugio 10″ Line

Received of the Atlantic Pipe Line Company ............ Fifty & no/100 ........ Dollars ($50.00), in full settlement of all claims for damages resulting from the laying of pipe lines, from the building of telegraph and telephone lines, and from the maintenance and operation of said lines, over and through the following described property, to the date hereof:

All of the Mary F. Fields Estate under lease to me by the said Estate located in Sutton County, * * * State of Texas.

This receipt covers any and all claims for damages caused by oil escaping from the lines, from burning oil, or from any act of any agent, servant, or employee of the Atlantic Pipe Line Company, to the date hereof. Including damage to livestock.
Witnesses:
Wm. W. Looney          Alvis Johnson"

...........................................

"The damages covered by the receipt attached are as follows:

Loss of weight to cattle          $50.00
12/9/49
Alvis Johnson
Wm. W. Looney"

...........................................

The receipt signed by Herbert Fields was similar to the one above, except the items of damage were different. Neither Alvis Johnson nor Herbert Fields signed these receipts as trustees, but only in their individual capacities. The receipts show that each was signing as a tenant upon the particular tract of land which he had leased. The Fields Ranch had not been divided but was held in trust by three trustees. Appellant undertook to develop its bill of exception in the absence of the jury, but it was unable to produce any testimony to the effect that the Fields Ranch had been in any way partitioned, and failed to support its contention that Alvis Johnson and Herbert Fields had in fact been awarded the respective pieces of land they were holding under the lease. It is apparent that these receipts only covered the damages these two parties had suffered as tenants and did not relate in any way to the permanent damages to the land. The damages which the trustees were entitled to recover for the taking of the land was the difference in market value of the land just before and just after the pipe line had been constructed, and had nothing to do with the temporary damages which a tenant on the land might suffer during the construction of the pipe line. Appellant does not show that it was injured by oppos-

ing counsel asking questions and making objections while it was trying to develop its bill of exception in the absence of the jury.

■■ Appellant next complains because it was not permitted to ask the witness Herbert Fields if there was not a pre-existing agreement between the heirs as to how the Mary F. Fields Estate was to be divided, and if he was not to receive that part of the ranch which he then held under lease. This testimony was first excluded by the court until a proper predicate was laid for its introduction, which amounts only to a conditional exclusion of the evidence and does not constitute error, unless appellant shows that it later laid the proper predicate for its introduction and again offered the testimony. The second time the matter came up was upon a hearing in the absence of the jury, and appellant did not show what the answer of the witness would have been if he had been permitted to answer the question. Under such circumstances there is no error. Joy v. Craig, Tex.Civ.App., 94 S.W. 2d 524; Johnson v. Johnson, Tex.Civ.App., 118 S.W.2d 338.

■ Appellant by its sixth point contends the court erred in overruling its motion for mistrial because of conflicting findings by the jury. Appellant's contention is that there is irreconcilable conflict between the jury's answers to Special Issues 3 and 4 and 7 and 8. The effect of the jury's answers to Special Issues 3 and 4 was to find that the difference in market value of the entire Fields Ranch, exclusive of the strip taken for the right-of-way, before and after the taking of the strip was the sum of $9,713.25. While the effect of the jury's answers to Special Issues Nos. 7 and 8 was to find that the difference in value of only 7,181 acres of this ranch, before and after the taking of the strip for the right-of-way, was the sum of $10,733.25. It does seem that these answers are somewhat inconsistent, and it is difficult to understand how the damage to the entire ranch, caused by the taking of this strip, could be less than the damage to about one-third of it. However, appellees began the trial of this case on the theory that the taking of the right-of-way across the ranch would affect only the land located within the two pastures traversed by the right-of-way; but appellant contended that the damage would be to the entire ranch and that the damage should not be figured as to these two pastures but as to the entire ranch. In view of this contention the trial court heard testimony on both theories and submitted both theories to the jury. Judgment was rendered upon the lesser amount, and therefore appellant is not in a position to claim that it has been injured by this apparent conflict in the answers of the jury. The answers of the jury to Special Issues 3 and 4 can be regarded as immaterial and therefore the trial court did not commit error in rendering judgment for the lesser amount. Traders & General Ins. Co. v. Wilder, Tex.Civ.App., 186 S.W.2d 1011; Schiller v. Rice, Tex. Sup., 230 S.W.2d 607; Tucker v. Slovacek, Tex.Civ.App., 234 S.W.2d 254; Deborde v. Bryan, Tex.Civ.App., 253 S.W.2d 63; Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090; Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124; Beckham v. Mayes, Tex.Civ. App., 229 S.W.2d 636; Pacific-Employers Ins. Co. v. Barnett, Tex.Civ.App., 230 S. W.2d 331; Smith v. Morgan, Tex.Civ.App., 235 S.W.2d 938; Rabe v. Lee, Tex.Civ.App., 239 S.W.2d 846; 41 Tex.Jur. 1230, § 363.

■ Under appellant's points 7, 8 and 12, it raises the contention that it was entitled to an instructed verdict, and in any event its motion for a new trial should have been granted, and, further, that the court should have excluded the testimony of the witnesses Hunt and Ward as to the value of the land, as being remote and speculative. We overrule these points. The witnesses Hunt and Ward showed themselves to be well acquainted with the Fields Ranch, its market value, and the effect of the construction of the pipe line across the ranch and the testimony of these witnesses amply supports the jury's answers to the special issues.

■ Appellant next contends that the judgment is excessive and unreasonable. We overrule this contention. A number of witnesses testified to the difference in value per acre of the land immediately before and immediately after the construction of the pipe line. This evidence fully supported the amount of the judgment. Southwestern Public Service Co. v. Goodwine, Tex.Civ.

App., 228 S.W.2d 925; Texas Pipe Line Co. v. Hunt, Tex.Sup., 228 S.W.2d 151; Southwestern Gas & Electric Co. v. Anderson, Tex.Civ.App., 217 S.W.2d 47; Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575.

Under point eleven appellant complains because the court excluded the proffered testimony of Alvis Johnson on cross-examination, to the effect that neighbors and other landowners along the pipe line had been offered and had accepted $1 per rod, and that at this price appellees would be entitled to recover only $1,344.

In City of Dallas v. Malloy, Tex.Civ.App., 214 S.W.2d 154, 155, the Court said:

"Sums paid for property in condemnation proceedings are not admissible on market value, because such sales are not free and voluntary".

See also: Too Fan v. City of El Paso, Tex. Civ.App., 214 S.W.2d 158; 18 Am.Jur. 996, § 352. The trial court properly excluded this testimony.

The trial court did not err in excluding the testimony of Herbert Fields as to the value at which the land in question was rendered for taxes, as Herbert Fields did not render the land for taxes, and the evidence was immaterial. The witness B. W. Hutcheson, Sheriff and Tax Assessor-Collector of Sutton County, did testify that the land was rendered to the State and County at $2.50 per acre and to the School District at $5 per acre. Universal Credit Co. v. O'Neal, Tex.Civ.App., 140 S.W.2d 596; Johnson v. Johnson, Tex.Civ.App., 118 S.W.2d 338; Joy v. Craig, Tex.Civ.App., 94 S.W.2d 524. Appellant was furnished with copies of the rendition of this property by the Sheriff and Tax Assessor-Collector of the county, which it did not introduce in evidence.

The court did not err in excluding the testimony of appellant's witness Koler as to the market value of the land, as he failed to show that he knew such values. Simpson v. Whitesboro National Bank, Tex.Civ.App., 120 S.W.2d 462; Johnson v. Johnson, supra; Joy v. Craig, supra; State

v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 195; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57. The same thing is true as to appellant's witness Mayer.

Appellant attempted to show by the witness Prugel that in the event of the discovery and production of oil on appellees' ranch, that the pipe line in question would be an advantage and benefit to the property. The trial court excluded this testimony, and the record does not show what Prugel's testimony would have been had he been permitted to testify. Under such circumstances, no error is shown. Furthermore, there was no showing that any oil development in this section was contemplated, and if it had been shown appellees' land would not receive any benefit which would not be common to all the property in the neighborhood. 16 Tex.Jur. 1014; Pochila v. Calvert, W. & B. V. R. Co., 31 Tex.Civ.App. 398, 72 S.W. 255.

The judgment is affirmed.