Henry A. ROBARDS et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 10356.

Court of Civil Appeals of Texas.

Austin.

Dec. 14, 1955.

Rehearing Denied Jan. 4, 1956.

W. Pat Camp, San Antonio, for appellants.

L. J. Gittinger, Asst. Criminal Dist. Atty., Walter W. Toxey, Jr., Asst. Criminal Dist. Atty., San Antonio, for appellee.

HUGHES, Justice.

This is a consolidated condemnation suit brought by the State of Texas against appellants Henry A. Robards and wife for the purpose of acquiring rights of way along U. S. Highway 81 in Bexar County.

Appellants conceded appellee's right to condemn leaving at issue only the amount of compensation to be paid. Trial to a jury resulted in verdict and judgment for appellants in the sum of $3,142.75, somewhat less than had been awarded by the Special Commissioners.

The evidence as to values was sharply conflicting. Appellants' first and second points, which in our opinion must be sustained, are that the court erred in admitting, over proper objections, evidence of other sales to the State, condemnor, of tracts along this highway for right of way purposes.

The following cases are authority for holding such evidence inadmissible:

Houston Independent School Dist. v Reader, Tex.Civ.App., Galveston, 38 S.W 2d 610, no writ history; State v. Layton. Tex.Civ.App., Eastland, 147 S.W.2d 515,. no writ history; Phelps v. State, Tex.Civ. App., Amarillo, 157 S.W.2d 955, no writ history; City of Dallas v. Malloy, Tex.Civ. App., Dallas, 214 S.W.2d 154, writ dismissed; Too Fan v. City of El Paso, Tex. Civ.App., El Paso, 214 S.W.2d 158, no writ history; Camp v. Commissioners' Court of El Paso County, Tex.Civ.App., El Paso, 279 S.W.2d 927, writ ref., n. r. e.; Atlantic Pipe Line Company v. Fields, Tex. Civ.App., San Antonio, 256 S.W.2d 940, writ ref., n. r. e.

These cases show that the rule has been invoked to aid both the condemnor and condemnee.

Appellee cites only one Texas case in support of its contention that this evidence was admissible: Marsh v. State, Tex.Civ. App., San Antonio, 276 S.W.2d 852, no writ history. In this case the Court stated that it would not presume sales made to the condemnor were involuntary and it declined to hold that evidence of such sales was inadmissible where there was no independent evidence that they were involuntary. In so holding we believe the Court was in conflict with its own opinion in Atlantic Pipe Line Co. v. Fields, supra, where the Court held similar evidence was inadmissible even though there was no extrinsic evidence as to the involuntary character of the sales. The Court in Marsh does not cite its prior decision in Atlantic.

Appellee here seeks to distinguish some if not all of the cases cited by us on the ground that they show that condemnation suits had been begun or threatened in each sale the evidence as to which was held inadmissible.

■ We will not analyze each case to determine if this is correct. We believe that the average landowner is intelligent enough to know that if the county or State has laid out a highway over his property that he can be compelled to surrender it, also that the county or State must acquire it or abandon the project. This knowledge, common knowledge we believe, is omnipresent in all such sales and prevents them

from being competent evidence as to market value which means the price property will bring when offered for sale by one who desires to sell but is not obligated to sell and is purchased by one who desires to purchase but is under no necessity to purchase.

Appellee contends that admission of evidence as to sales to the State, if error, is harmless because there was other evidence, opinion evidence of its own witnesses, of about the same values as reflected by the sales.

We agree with appellee when it says:

"Among the most important evidence which can be evaluated by a jury in determining the fair market value of condemned property is that which concerns voluntary sales of similar property in the immediate vicinity of that being condemned."

Actual sales are much more reliable in establishing value than the opinions of experts and we believe are given much more weight by juries.

■ In this case the value per acre as found by the jury coincides almost precisely with the value per acre established by sales to the State. Under these circumstances we cannot say that admission of evidence as to such sales was harmless.

■ Appellants complain that appellee in arguing to the jury stated that "the award in this case comes out of your money." No objection was made at the time of such argument the court gave no instructions to disregard it.

The argument is improper and should not be made and doubtless will not be made upon retrial. See Frost v. State, Tex.Civ.App., Austin, 284 S.W.2d 232.

■ Appellants offered in evidence a contract for the sale of a portion of the premises involved in this suit made in 1953 between Mr. Robard and the witness Wesp. The contract was voluntarily executed and a down payment of $1,000 was made. The contract was not consummated but was cancelled by mutual agreement upon Mr. Wesp learning of the location of the proposed highway. There is no evidence that the contract was simulated.

■ Appellee would treat the contract as a mere offer and hence not admissible on the issue of market value. We do not so consider it. A contract of sale is not an offer. It is, if valid, a binding obligation on all parties. In our opinion it was admissible. That the contract was rescinded could of course be shown as lessening its weight as evidence of market value.

We do not believe the court erred in admitting in evidence the deed from Neese to Wood over the objections that similarity of the land had not been shown, this being a matter largely within the trial court's discretion. City of Austin v. Cannizzo, Tex.Civ.App., 260 S.W.2d 54; Id., 153 Tex. 324, 267 S.W.2d 808.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.