Mary Gale HENDES et vir, Appellants,

v.

Lila GALE, Appellee.

No. 14236.

Court of Civil Appeals of Texas.

San Antonio.

March 11, 1964.

Rehearing Denied April 8, 1964.

Moursund, Ball & Bergstrom, Putman & Putman, William H. Ferguson, San Antonio, for appellants.

Cox, Smith & Smith, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from the granting of a summary judgment in a suit filed by appellee, Lila Gale, to recover from appellant, Mary Gale Hendes, an interest in the proceeds from the sale on July 5, 1961, by appellant, of a duplex located at 247 Cumberland Road in San Antonio, Texas.

Prior to January 28, 1952, appellee and appellant owned, through inheritance, undivided interests in this property; appellee owning a three-fourths interest and appellant, a one-fourth interest. On January 28, 1952, deeds were executed and exchanged between these parties. Said deeds were both recorded at 3:06 p. m. on that date. The summary judgment construed the deeds as vesting fee simple title in appellee, subject to a life estate in appellant, and granted judgment in favor of appellee for recovery of the proceeds of such sale, less the value of the life estate. There is no controversy over the value of such interests.

Neither party asserts that the deeds are ambiguous, and therefore the construction of same is a question of law. Steeger v. Beard Drilling, Inc., Tex., 371 S.W.2d 684; Baker v. Fell, 135 Tex. 375, 144 S.W. 2d 255. Deed "A", from appellee to appellant, recites the facts of heirship, showing the undivided interests of the parties in the land, and then purports to convey appellee's undivided interest in the property to appellant. Deed "B", from appellant to appellee, conveys the fee simple title to the property, with a covenant of general warranty, and reserves a life estate to the grantor.

Appellant recognizes the general rule that deeds executed at the same time, between the same parties and in reference to the same property should be construed together. 19 Tex.Jur.2d 420; W. W. Cannon v. Wingard, Tex.Civ.App., 355 S.W.2d 776; Murphy v. Jamison, Tex.Civ.App., 117 S.W. 2d 127, writ refused. Appellant asserts, however, that this rule has no application here, as her deposition refutes this construction, in that she testified that Deed "A" was executed four minutes after Deed "B".

It is seen that such a result, as urged by appellant, would do violence to the clear and unambiguous language of the two deeds. Deed "A" recites that the grantor and grantee are the owners of undivided interests in the land and the appellee conveys all her undivided interest. Whereas, Deed "B" contains none of the inheritance recitations and warrants conveyance of fee title, subject to grantor's life estate. It is therefore our opinion that the deeds were properly construed together and conveyed a fee simple title to appellee, subject to a life estate in appellant.

Appellant asserts that the parties intended by the exchange of deeds to give the fee title to appellant subject to appellee's right to live on the property with appellant as long as appellee was able. Appellant testified that the deeds failed to accomplish this purpose by mistake of the attorney who prepared them, and she prayed that the deeds be reformed to carry out the true intention of the parties. Appellant lived on the premises until October, 1959, and rented them thereafter until the sale in 1961.

The trial court correctly held that appellant's plea for reformation of the deeds was barred by the four-year statute of limitation (Art. 5529, Vernon's Ann.Civ.

St.), which was pleaded by appellee. In Pure Oil Co. v. Ross, 131 Tex. 41, 111 S.W.2d 1076, the Supreme Court held that a suit for reformation and cancellation of a lease was barred by the four-year statute of limitation. The Court recognized and distinguished the rule urged here by appellant, that a suit to remove cloud upon title may be brought at any time by the owner of land in possession and is therefore not barred by the four-year statute. However, where the grantor parts with title under a mutual mistake, then all that the grantor has remaining is a suit to reform, which is barred by the statute. See also, Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62; Davis v. Andrews, Tex.Civ.App., 361 S.W.2d 419; Fricke v. Wagner, Tex.Civ.App., 315 S.W.2d 584; Blaine v. Blaine, Tex.Civ.App., 207 S.W.2d 989; Texas Osage Cooperative Royalty Pool v. Colwell, Tex.Civ.App., 205 S.W.2d 93. Cf. State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; De Borde v. Bryan, Tex.Civ.App., 253 S.W.2d 63; Bookhout v. McGeorge, Tex.Civ.App., 65 S.W.2d 512.

■■ Appellant, as the grantor of Deed "B", is charged as a matter of law with knowledge of the contents of her deed from date of its execution, and limitation began to run against her action to correct it from its execution on January 28, 1952. McKee v. Douglas, Tex.Civ.App., 362 S.W.2d 870; Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174. Furthermore, no excuse was pleaded for not sooner asserting this claim for reformation. Appellant's claim for reformation was not asserted until March 12, 1962, and is therefore barred by the four-year statute.

Appellant also pleaded the three, five and ten-year statutes of limitation, pertaining to suits to recover real estate, but concedes that they have no application under the trial court's construction of the two deeds.

The judgment is affirmed.